U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

APR 23 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DR. GEORGE T. MOENCH | CIVIL ACTION 12-1536 |
| VERSUS | JUDGE HAIK |
| M/V SALVATION, ET AL | MAGISTRATE JUDGE HANNA |

## RULING

Before the Court are the following motions:

1. Motion for Summary Judgment (Doc #27)
2. Motion in Limine to Exclude USCG Investigative Report (Doc. #39)
3. Motion in Limine to Exclude Captain of Port Orders and any Coast Guard Testimony under Touhy (Doc. #40)
4. Motion in Limine to Exclude the Report of Kyle Smith (Doc. #41)
5. Motion to Exclude Ron Ventola as a Witness (Doc. #59)

A review of the pleadings and evidence presented reveals material issues of fact in existence with respect to the allision and circumstances surrounding the accident. Consequently, the Motion for Summary Judgment by Basin Fleeting (Doc. #27) is **DENIED**.

As determined in the hearing held on October 17, 2013, the Motion in Limine to Exclude USCG Investigative Report and any Reference to it (Doc. #39) is **DENIED**. Should the situation arise, this evidence may be used for impeachment purposes. The Motion to Exclude Expert Report of Plaintiff's Expert Kyle Smith (Doc. #41) is **DENIED**. This is a bench trial and the Court will give Mr. Smith's testimony the weight it deserves, just as it will any other testimony. If necessary, the Court will limit testimony during trial. The Motion in Limine to Exclude Captain of Port Orders (Doc. #40) is **DENIED in part**, as the Court finds the records are public records and a pre-accident report. Although they were attached to the post-accident report, they

were not generated through the investigation. As to Lt.. Michalczak's testimony, the Court will allow his testimony if he has been given the required permission from the Secretary of Transportation. To date, the question of whether permission has been given is unclear to the Court. Although the officer should have been served through the General Counsel, the Court does not find the improper service is a bar to his testimony. Should it come to light that Lt. Michalczak has been given permission, his testimony will be limited and weighed appropriately.

As to Mr. Ventola, the pleadings state clearly that he is not being offered as an expert witness. Further, he is no longer an employee of the Army Corps and was provided with a document allowing his testimony in cases such as this upon his departure. Additionally, the Court does not find any significant issues with respect to the timeliness of his designation as a witness given the history of this case. Consequently, the Court will allow his testimony, limiting it if necessary and giving it the weight it deserves. If the best evidence rule becomes applicable during the course of his testimony, the issue will be addressed at that time. Currently, the entirety of Mr. Ventola's testimony is unclear. The Motion to Exclude Ron Ventola is **DENIED**.

Given this is a matter which will be tried to the bench, the Court may relax the evidence rules slightly. As noted by the Fifth Circuit Court of Appeals in *Null v. Wainwright,* 508 F.2d. 340 (5th Cir., 1975), "Strict evidentiary rules of admissibility are generally relaxed in bench trials, as appellate courts assume that trial judges rely upon properly admitted and relevant evidence." To do so at this juncture prejudices no one. This Court is capable of limiting and weighing testimony appropriately and will do so at the proper time.

The Motion to File a Supplemental Opposition (Doc. #95) is **GRANTED**.

Finally, there is a recently filed Motion in Limine to Exclude Responses to Written Question by a Coast Guard Officer (Doc. #93). The date for filing a response to this motion has not yet passed. The Court will address the motion in a timely manner once the opposing parties have had a chance to respond.

**THUS DONE** and **SIGNED** on this 8th day of April, 2014.

_____
RICHARD T. HAIK, SR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA