U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED   LAFAYETTE

AUG 17 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DR. GEORGE T. MOENCH, ET AL | CIVIL ACTION 12-1536 |
| VERSUS | JUDGE HAIK |
| M/V SALVATION, ET AL | MAGISTRATE JUDGE HANNA |

## RULING

Before the Court are the following motions:

1. Motion for Amended Findings Under Rule 52 and, Alternatively, to Alter or Amend the Judgment Under Rule 59 filed by Marquette Transportation Company. (Doc. #155)

2. Motion to Alter Judgment (Doc. #166)

For the following reasons, the motions are **GRANTED in part and DENIED in part**, to the extent set forth in this ruling:

## Motion for Amended Findings Under Rule 52 and, Alternatively, to Alter or Amend the Judgment under Rule 59

Marquette's motion seeks to amend the judgment under Rule 52 or, alternatively, under Rule 59. The motion is based on Marquette's contention that this Court was misled by Plaintiff's partial disclosure of settlement related material, leading to a lack of support for an award of attorney fees; plaintiff's failure to prove the Ekwata was a constructive total loss; plaintiff's failure to prove the market value of the EKWATA at the time of the loss with credible evidence; and this Court's alleged error by failing to allow Larry Strouse to testify outside of his report.

Rule 52(b) states, "On a party's motion filed no later than 28 days after entry of judgment, the court may amend its findings–or make additional findings–and may amend the

judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." The motion to amend the Court's findings and judgment is **GRANTED** under Rule 52 to the extent that the Court will amend the findings and judgment to remove any reference to the settlement discussions between the parties, **but maintains the judgment and findings in all other respects.** The alternative motion under Rule 59 is **DENIED** as a new trial in this matter is not warranted.

For clarification, the Court notes this was a bench trial wherein the parties agreed to allow the Court view documentation related to the settlement discussions. The only objection raised by the defendants was to the Court potentially considering that evidence as substantive, which it did not. Substantive evidence is that which is used to prove a fact in dispute. The settlement information viewed by the Court and mentioned in the judgment was not used for that purpose. It was also not used for any purposes for which it is prohibited under Rule 408 of the Federal Rules of Evidence.

Federal Rule of Evidence 408 is not an absolute bar to the admissibility of settlement related evidence. The rule states:

**Rule 408. Compromise Offers and Negotiations**

(a) **Prohibited Uses.** Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

(1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and

(2) conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

(b) **Exceptions**. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Despite the foregoing, the Court grants the motion to amend to remove any reference to the settlement discussions of the parties based solely on the assertion by the defendants that the information before the Court was incomplete and, consequently, possibly misleading. The settlement reference consisted of one paragraph in a 12 page Ruling. It was not the sole basis, nor the most notable basis, for the Court's award of attorney fees, but simply additional evidence of Marquette's actions which the Court found throughout the case to be an abuse of the process and bad faith.

All other relief requested by Marquette in the Motion to Amend Findings Under FRCP Rule 52 and, Alternatively, Motion to Alter or Amend Judgment Under FRCP Rule 59(e) is **DENIED.**

## Plaintiff's Motion to Alter or Amend the Judgment Under FRCP Rule 59(e)

Plaintiffs filed a Motion to Alter or Amend seeking an award of prejudgment interest, post-allision interest, arguing the award of same is essentially automatic.

The United States Supreme Court spoke on the issue when it wrote, "Despite admiralty's traditional hospitality to prejudgment interest, however, such an award has never been automatic. In *The Scotland,* 118 U.S. 507, 518-519, 6 S.Ct. 1174, 1175, 30 L.Ed. 153 (1886), we stated that

the 'allowance of interest on damages is not an absolute right. Whether it ought or ought not to be allowed depends upon the circumstances of each case, and rests very much in the discretion of the tribunal which has to pass upon the subject, whether it be a court or a jury.' See also *The Maggie J. Smith*, 123 U.S. 349, 356, 8 S.Ct. 159, 162, 31 L.Ed. 175 (1887). Although we have never attempted to exhaustively catalog the circumstances that will justify the denial of interest, and do not do so today, the most obvious example is the plaintiff's responsibility for 'undue delay in prosecuting the lawsuit.' *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657, 103 S.Ct. 2058, 2063, 76 L.Ed.2d 211 (1983). Other circumstances may appropriately be invoked as warranted by the facts of particular cases." *City of Milwaukee v. Cement Div., Nat. Gypsum Co.*, 515 U.S. 189, 115 S.Ct. 2091 (1995). In that same case, the Court also noted, "The essential rationale for awarding prejudgment interest is to ensure that an injured party is fully compensated for its loss." This includes the loss of use of money due as damages to the injured party's property.

In this case, the facts do not warrant a full award of pre-judgment interest to the plaintiff. Particularly, Dr. Moench's failure to store the damaged vessel securely and in a permissible location following the allision led to the filing of an intervention by Emile Leonard Price and Jo Marie P. Musso, delaying the finality of this case.

Based on the specific facts of this case, and noting the discretion to grant pre-judgment interest lies solely with this Court, plaintiffs' Motion to Alter or Amend Judgment Under FRCP Rule 59(e) is **GRANTED in part and DENIED in part.** The Court will amend the reasons for judgment to reflect a partial award of pre-judgment interest.

THUS DONE and SIGNED on this __17th__ day of August, 2015.

_____
RICHARD T. HAIK, SR., DISTRICT JUDGE