RECEIVED
DEC 2 2 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| GEORGE T MOENCH, ET AL. | CIVIL ACTION NO. 12-1536 |
| VERSUS | JUDGE DOHERTY |
| M/V SALVATION, ET AL. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

On December 12, 2016, in response to plaintiffs' motion for "expedited order directing defendant Marquette and/or the Surety to promptly pay the judgments against Marquette," this Court entered an Order denying the motion to the extent it sought to enforce plaintiffs' judgment against defendant Marquette Transportation Company Gulf-Inland, LLC (Marquette)[1], and deferring the motion to the extent plaintiffs' sought to enforce the judgment against the surety RLI Insurance Company ("RLI"). [Doc. 204, p. 2] With regard to RLI, the Court noted "it appears this is a proper case for the enforcement of the bond." [Id. (citing Fed. R. Civ. P. 65.1)] Accordingly, the Court instructed the Clerk of Court to mail copies of plaintiffs' motion and the Court's Order to RLI, ordered RLI to file any response to plaintiffs' motion on or before December 21, 2016, and stated it would defer ruling on enforcement of the bond against the surety until after receipt of the responsive briefing.

On December 21, 2016, defendant Marquette, "on behalf of itself and its surety, RLI Insurance Company," filed a memorandum in opposition to plaintiffs' motion. [Doc. 205] The memorandum in opposition makes no argument on the merits, but rather, "request[s] that any judgment against it in this

---

[1] The motion was denied with regard to the relief sought against defendant Marquette, as the Court found "it would appear the proper course of action would be to apply for a writ of execution." [Doc. 204, p. 3 (citing Fed. R. Civ. P. 69(a)(1))]

matter remain protected by its surety bond, but stayed for collection, until the time period to file its petition for Writ of Certiorari to the United States Supreme Court expires on January 31, 2017." [Id.]

Defendant's request for a stay of the mandate is DENIED for failure to show a right to such relief. The Fifth Circuit issued its mandate affirming the judgments issued by the Honorable Richard T. Haik (ret.) on November 10, 2016. [Doc. 202] The Fifth Circuit's mandate was effective on that date. Fed. R. App. P. 41(c). Had defendant believed a stay of the mandate was warranted while it "evaluat[ed] the merits of a Writ of Certiorari" [Doc. 205, p. 2], the proper course of action was to file a motion to stay the mandate in the *appellate court*. Fed. R. App. P. 41(d). Defendant has cited no authority which would permit this Court to stay a mandate of the Fifth Circuit. *See e.g. Meredith v. Fair*, 306 F.2d 374, 376, 378 (5th Cir. 1962); *Westfed Holdings, Inc. v. United States*, 68 Fed.Cl. 661, 663 (2005).

Having received no timely opposition to plaintiffs' motion on the merits, and finding the motion to be well-founded in fact and law as to RLI, the Court GRANTS plaintiffs' motion [Doc. 203] to the extent it seeks an "order directing . . . the Surety to promptly pay the judgments against Marquette."

THUS DONE AND SIGNED in Lafayette, Louisiana, this 22 day of December, 2016.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE